**Ex parte BRADY.**

Civ. No. 52–31.

United States District Court
D. Massachusetts.

April 9, 1952.

WYZANSKI, District Judge.

On April 2, 1952 the Chief Judge of this Court received a letter dated March 30, 1952 from Patrick S. Brady. Since this letter was entitled an "Application for a Writ of Habeas Corpus in forma pauperis", the letter was assigned to me in accordance with the standing orders for the distribution of judicial business.

From this letter these appear to be the facts. Brady is now in custody in the Berkshire County jail at Pittsfield, Massachusetts. On September 20, 1951 he was taken into custody by authorities of the Commonwealth of Massachusetts on a charge of forgery. He was given a hearing by the State District Court at Great Barrington on September 21, 1951 and bound over "to the next term of the Berkshire grand jury and Superior Court." At some unspecified time the grand jury for Berkshire County indicted Brady. Subsequently he was arraigned, pleaded not guilty, and apparently was continued in custody because of his inability to post bail which was fixed by the State Court judge in the amount of $5,000 upon each of the two charges or counts of forgery set forth in the indictment.

Brady was not tried at the term of the Berkshire Superior Court which ended on February 15, 1952. However, there is no showing that Brady sought a trial at that term. Enclosures presented with Brady's letter indicate that on March 24, 1952 and again on March 28, 1952 Brady requested the Honorable Ernest E. Hobson, a State District Court judge acting under a special appointment as presiding judge of the Superior Court then in session in the County of Berkshire at Pittsfield, Massachusetts, to give him "a hearing." These same enclosures contain endorsements purporting to be made on March 26 and on a later date by Judge Hobson to the effect that since the cases pending against Brady were felonies they would "have to wait for the next regular session of the Superior Court", since the judge was then holding a "special session [which] can hear misdemeanors only." Brady adds a statement that the next session at which felonies are heard

by the Superior Court in Berkshire County begins in the middle of July 1952.

Brady's letter states that "he has already written * * * repeatedly to Chief Justice Stanley E. Qua of the Supreme Judicial Court of the State of Massachusetts." Brady also encloses a copy of a letter from the Clerk of the Supreme Judicial Court dated March 26, 1952 stating that Brady's "letters addressed to Chief Justice Stanley E. Qua have been turned over to Mr. Justice Ronan to determine the need of judicial decision in your matter. Mr. Justice Ronan has instructed me to inform you that after consideration of the matters, as set forth in your letters to Chief Justice Qua, he finds they do not warrant any judicial relief."

From the assertions just recited and the others which appear in Brady's communication it would appear that (1) it was not until March 24, 1952 that Brady requested the Superior Court for a trial of his case; (2) on March 26, 1952 the Massachusetts District Court judge ruled that the trial would not take place until the next regular session scheduled for July 1952; and (3) Brady's letters to Chief Justice Qua were written prior to March 26, 1952 and therefore could not have been even an informal appeal to the Massachusetts Supreme Judicial Court from the ruling made by District Court Judge Hobson.

■ Upon the basis of the showing made by Brady, it does not appear that he has exhausted his remedies in the courts of the Commonwealth by application for reduction of bail, by mandamus, by a writ of prohibition, or by seeking a review in the highest State tribunal of the ruling made by the Superior Court. This fact standing alone would lead this Court not to grant Brady's application. It is provided in 28 U.S.C. § 2254 that "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." While Brady is not held in custody pursuant to a final "judgment" of conviction, he is held pursuant to the September 1951 order of the trial court fixing bail. Though the letter of § 2254 may therefore not govern this matter, it is my view that the policy of § 2254 should be applied. The opinion of Mr. Justice Reed in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, and the series of cases therein referred to, particularly Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868, indicate that, out of a proper regard for a co-ordinate judicial system, a United States District Court ought ordinarily to grant an application for habeas corpus by one detained under state process only after all state remedies available, including all appellate remedies in the state courts, have been exhausted.

■ Moreover, even if this Court is not inhibited from issuing a writ of habeas corpus to release a state prisoner where state process has not been exhausted, this Court in its discretion would refuse to issue the writ in the circumstances so far disclosed. Brady's letter does no more than allege that two weeks ago he, for the first time, sought a prompt trial of his case. That case will be heard in regular course in three months. In the meantime Brady may be discharged from custody by posting on each of the two counts of the indictment bail of $5,000, an amount which is not obviously excessive. Cf. Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1. In short, Brady has not shown that he has been held for an unreasonable length of time or at an excessive bail awaiting trial which he desires but which the prosecution does not desire to expedite. There is a failure of proof to support the contention that there has been such a delay of justice as to constitute lack of due process.

The Clerk of the Court is directed to furnish a copy of this opinion to Brady and also to the Voluntary Defenders Committee of Boston, Massachusetts, so that that Committee may, if it sees fit, offer its legal services to Brady to enable him to prepare any appropriate pleadings to lay before either a state or federal tribunal any additional matter which could have been al-

leged, had the petitioner had the benefit of counsel.

The application for leave to file a petition for writ of habeas corpus in forma pauperis is granted and the letter is construed as though it were a petition, but the petition is denied for the foregoing reasons.