**Petition of Louis CUOMO for a Writ of Habeas Corpus.**

United States District Court
S. D. New York.
Feb. 4, 1957.

———◆———

Louis Cuomo, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for respondent, Lawrence H. Rogovin, Asst. Atty. Gen., of counsel.

SUGARMAN, District Judge.

The petitioner, Leo Cuomo, *in propria persona,* moves for a writ of habeas corpus to inquire into the legality of his detention by the State of New York at Green Haven Prison, Stormville, New York. His incidental application to proceed herein *in forma pauperis* is granted.

As will hereinafter appear, the history of Cuomo's contest with the State of New York is not new to this court. It appears that on October 29, 1953, in the County Court of Kings County, Cuomo, represented by counsel, pleaded guilty to robbery in the first degree as charged in the indictment against him. On November 18, 1953, in the absence of his counsel, Cuomo attempted to withdraw his guilty plea and stand trial. The court declined to sentence him in the absence of counsel and remanded him until his counsel appeared the next day. On that day Cuomo's counsel moved to withdraw his plea of guilty but the motion was denied and Cuomo was sentenced to ten to twenty years in Sing Sing Prison. Cuomo's accomplices had previously been sentenced on their pleas of guilty to robbery in the third degree. Cuomo accuses the Assistant District Attorney of Kings County who appeared against him at that time, of having procured his plea to the indictment by duress and fraud. The duress is alleged to consist of the Assistant's threat that if Cuomo stood trial and was convicted he would get from thirty to sixty years; the fraud is alleged to have been the Assistant's promise to accept a plea to less than the indictment if Cuomo would cooperate and give information in the matter. The sentence which Cuomo drew on November 19 was predicated upon his prior two felony convictions.

After his transfer from Sing Sing to Green Haven, Cuomo on May 6, 1954, moved for a writ of error coram nobis in the County Court of Kings County. The writ was granted and a hearing was held in that court on June 4, 1954. On June 10, 1954, his motion to vacate and set aside his plea of guilty was denied

and the writ of error coram nobis dismissed.

On September 22, 1954, Cuomo submitted a petition for a writ of habeas corpus in the New York Supreme Court of Westchester County. He was advised shortly thereafter to be prepared for a hearing on that application before a New York State Supreme Court justice at Poughkeepsie, New York, on October 18, 1954.

He claims that on October 6, 1954, he was placed in solitary confinement in the prison and divested of all his records. On October 18, 1954, he was driven to Poughkeepsie for his hearing and pleaded unpreparedness for "certain reasons" and requested the justice to investigate his detention. On November 18, 1954, his writ of habeas corpus was dismissed in the Supreme Court, Westchester County. Cuomo claims that after that dismissal other papers of his were seized by the prison authorities, thereby causing the lapse of his time to appeal from the dismissal of his writ of habeas corpus by the State Supreme Court.

On August 23, 1955, Cuomo moved in the Supreme Court of Westchester County to dismiss the respondent's return to his writ of habeas corpus because that return was based on Cuomo's records, illegally seized while he was in solitary confinement as aforesaid. That motion was denied by another justice of the Supreme Court, Westchester County, on October 28, 1955. On November 11, 1955, Cuomo appealed from that order (denying his motion to quash the respondent's return) to the Appellate Division, Second Department, and requested leave to prosecute that appeal *in forma pauperis*. On January 9, 1956, the Appellate Division denied Cuomo's application for leave to proceed *in forma pauperis*.

On February 5, 1956, Cuomo submitted a petition for a writ of habeas corpus to this court. Chief Judge Clancy denied the application on February 23, 1956. On March 27, 1956, Cuomo submitted a petition for writ of certiorari to the Supreme Court of the United States, in which he sought to review what had been done in the Appellate Division, Second Department. That writ was denied on May 21, 1956. Cuomo v. People of State of New York, 351 U.S. 942, 76 S.Ct. 841, 100 L.Ed. 1468. On May 29, 1956, respondent moved in the Appellate Division to dismiss Cuomo's appeal from the order of October 28, 1955 and on June 18, 1956, that court denied the motion upon condition that Cuomo perfect his appeal by the October 1956 term.

On June 22, 1956, Cuomo applied anew in this court for a writ of habeas corpus. On June 29, 1956, Judge McGohey denied his application and dismissed his petition on the merits. In his opinion, 149 F.Supp. 352, Judge McGohey pointed out that the application for certiorari to the Supreme Court did not correct the defect in Cuomo's proceeding, i. e., his failure to exhaust his state court remedies.

On July 17, 1956, Cuomo filed in the Appellate Division, Second Department, a "notice of motion to perfect appeal" and a notice of argument thereof for October 11, 1956. On September 7, 1956, the Clerk of the Appellate Division wrote Cuomo, stating among other things:

"* * * you are advised that since this court has previously denied your application to dispense with printing on your appeal from the order entered on October 28, 1955 in the County of Westchester, you must comply with the rules of this court and print your record on appeal and your briefs. Otherwise the court will not consider your appeal. If, by reason of your financial condition, you desire a further extension of time beyond the October Term, you may address an application to this court stating the reasons for such extension and it will be submitted to the court. The next regular motion days at which such an application may be presented are September 21st and October 1st, 1956. * * *"

On December 28, 1956, Cuomo made his present motion in this court for a writ of habeas corpus.

On the above recital it is obvious that Cuomo's exhaustion of state court remedies has proceeded no further today than where it was when he made his original application for a writ of habeas corpus in this court in February of 1956.

In Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (Part II—commencing at page 497, of 344 U.S., at page 441 of 73 S.Ct.), Mr. Justice Frankfurter said:

"The issue of the significance of the denial of certiorari raises a sharp division in the Court. This is not so as to the bearing of the proceedings in the State courts upon the disposition of the application for a writ of habeas corpus in the Federal District Courts. This opinion is designed to make explicit and detailed matters that are also the concern of Mr. Justice Reed's opinion."

In setting forth the rules which should govern a district judge in an application for a writ of habeas corpus, Justice Frankfurter stated, 344 U.S. at page 508, 73 S.Ct. at page 447:

"*Sixth.* A federal district judge may under § 2244 take into consideration a prior denial of relief by a federal court, and in that sense § 2244 is of course applicable to State prisoners. Section 2244 merely gave statutory form to the practice established by Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989. What was there decided and what § 2244 now authorizes is that a federal judge, although he may, need not inquire anew into a prior denial of a habeas corpus application in a federal court if 'the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.'"

Mr. Justice Burton and Mr. Justice Clark, 344 U.S. at page 488, 73 S.Ct. at page 431 of the opinion, stated that they "recognize the propriety of the considerations to which Mr. Justice Frankfurter 344 U.S. 443, 73 S.Ct. 444, invites the attention of a federal court when confronted with a petition for a writ of habeas corpus under the circumstances stated."

Mr. Justice Black and Mr. Justice Douglas, 344 U.S. at page 513, 73 S. Ct. at page 449, said:

"We also agree in substance with the views expressed in Part II of his opinion concerning the bearing of the proceedings in the State courts upon the disposition of an application for a writ of habeas corpus in the Federal District Court."

Finally, Mr. Justice Jackson stated 344 U.S. at page 547, 73 S.Ct. at page 430:

"Third, petitions to federal courts are required, and those to state courts may be required, to set forth every previous application to any court for relief on any grounds. If the current petition is made upon the same grounds as an earlier one, it should state fully any evidence now available in its support that was not offered before and explain failure to present it."

It would appear that there was full agreement in Brown v. Allen, supra, that a petitioner's failure, on an application for a writ of habeas corpus, to set forth new grounds not previously asserted on prior similar applications to a district court, would foreclose the granting of the later application for the writ in the absence of a satisfactory showing that the ends of justice nevertheless required a new inquiry. Petitioner makes no such showing.

The petition is dismissed, the writ is denied, and it is so ordered.