**UNITED STATES of America ex rel. Lumumba Abdul SHAKUR et al., Petitioners,**

v.

**COMMISSIONER OF CORRECTIONS, George F. McGrath, Respondent.**

**No. 69 Civ. 2308.**

United States District Court
S. D. New York.
June 19, 1969.

See also D.C., 303 F.Supp. 303.

Gerald B. Lefcourt, William Kunstler, Arthur Turco, Frederick H. Cohn, William Crain, Robert Projansky, Sanford M. Katz, New York City, for petitioners.

Frank S. Hogan, Dist. Atty., New York County, New York City, for respondent; Joseph A. Phillips, Asst. Dist. Atty., New York City, of counsel.

PALMIERI, District Judge.

The petitioners who are before this Court by way of a writ of habeas corpus (28 U.S.C. § 2254), are prisoners of New York State being held for trial under high bail on serious charges. The sole respondent, the Commissioner of Corrections, is the city official responsible for the custodial arrangements affecting the petitioners.

A twelve count indictment returned by a New York County grand jury accuses petitioners and other persons, all but one of whom are members of the Black Panther Party for Self-Defense, of conspiring to murder New York City policemen, to dynamite certain midtown department stores, the premises of the 25th Police Precinct, six railroad rights of way, and the New York Botanical Gardens.

At the outset the petitioners claimed a right to review of their bail status by this Court. It now appears that they are in the process of seeking a review by the New York State appellate courts. Accordingly, it is assumed that these claims are not presently before this Court.

The petitioners make numerous and extensive allegations which amount substantially to this: that, because of deliberate action on the part of the prosecutor, acting in concert with the judiciary charged with the trial of this case, they have been affected by such extensive prejudicial publicity, and that the management of the pretrial phases of the case both by prosecutors and judges has been so infected by improper conduct as to taint the proceedings and make it impossible for them to have a fair trial. The trial is expected to take place in the very near future.

Petitioners seek their release, or in the alternative an evidentiary hearing at which they may prove their charges, and a stay of the state court proceedings.

Considerations of comity and a strong respect for the federal system have fostered a practice whereby United States district courts will grant an application for habeas corpus by one detained under state processes only after all state remedies available, including all appellate remedies in the state courts, have been exhausted. See Ex Parte Brady, 104 F. Supp. 57 (D.C.Mass.1952); Fulwood v. Stone, 129 U.S.App.D.C. 314, 394 F.2d

939 (1967). The requirement of the exhaustion of state remedies and the extent to which state remedies must be exhausted before federal habeas corpus will lie, furthermore, are set forth in federal statutes.[1] It follows that where state prisoners seek federal relief by way of writ of habeas corpus, the threshhold question is whether they have exhausted appropriate state procedures for raising the same claims.

The grievances alleged by petitioners herein may be separated into three general categories: bail, pretrial publicity, and propriety of the assignments of the state court judges to the case.

■ Insofar as bail applications are concerned, the papers submitted in support of this petition do not indicate that state court remedies have been exhausted, and that claim is therefore not properly before this Court at this time.

With respect to the question of the assignment of the trial judge, petitioners have available remedies in the state court which, if denied in the first instance, may be pressed in the appellate courts of the state. The remedies for the resolution of this issue have not, therefore, been exhausted.

■ The final question, and the one to which this petition is principally directed, relates to the allegedly prejudicial publicity which this case has engendered. In the first instance, however, the task of insuring that these defendants receive a fair trial, free from the effects of any adverse publicity, must fall to the trial judge. This Court can reasonably assume that the judge who is ultimately charged with the trial of this case will be aware of the Supreme Court's warning in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), that "due process requires that the accused receive a trial by an impartial jury free from outside influences" and that "trial courts must take strong measures to ensure that the balance is never weighed against the accused." 384 U.S. at 362, 86 S.Ct. at 1522. Additionally, Justice Clark, the author of the majority opinion, said:

"The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences. Neither prosecutors, counsel for defense, the accused, witnesses, court staff nor enforcement officers coming under the jurisdiction of the court should be permitted to frustrate its function. Collaboration between counsel and the press as to information affecting the fairness of a criminal trial is not only subject to regulation, but is highly censurable and worthy of disciplinary measures."

The right to a fair trial is one which is federally protected, U.S.Const. Amend. XIV, and it is possible that in a post trial posture that issue may be raised before some federal tribunal. Since the responsibility for insuring a fair trial to these defendants is one which falls to the state trial court in the first instance, at this stage it would be unwise and, indeed, unwarranted, for this Court to intervene. It may be true that the rights which these petitioners seek to have protected will not be vindicated without a long and difficult appellate journey, but that is a price which must be paid for the proper balance of federal-state relationships.

Petitioners do not appear to press the position that they have fully exhausted

---

1. 28 U.S.C. § 2254(b) provides as follows:

  "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

28 U.S.C. § 2254(c) provides as follows:

  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

their state court remedies. Rather they argue that the rule relating to exhaustion of remedies, which is primarily a rule derived from the principle of comity, must yield where special circumstances are involved. Fulwood v. Stone, *supra*. Assuming the validity of this principle, the question remains whether the circumstances in this case are such as to warrant the extraordinary relief here requested.

Though this petition asks for relief in the form of a writ of habeas corpus, it is clear that when such a petition is brought at this stage of the state proceedings, virtually on the eve of trial, the issuance of such a writ would have consequences fully as disruptive to the state processes as an injunction against its continuance. In determining whether federal intervention by way of habeas corpus is warranted in this situation, therefore, a federal court should be guided by substantially the same standards as if the primary thrust of the requested relief were of an injunctive nature.

Federal interference with a state's good-faith administration of its criminal laws is peculiarly inconsistent with an orderly federal system, and it is generally to be assumed that state courts and prosecutors will observe constitutional limitations as they are expounded by the Supreme Court. "The mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify the disruption of orderly state proceedings." See Dombrowski v. Pfister, 380 U.S. 479 at pages 484–485, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965); Note, The Dombrowski Remedy —Federal Injunctions Against State Court Proceedings Violative of Constitutional Rights, 21 Rutgers L.Rev. 92 (1966). Nevertheless, abstention is not an inflexible dogma to be applied without regard to the exigencies of a particular situation. See, Bagget v. Bullit, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). As Judge Wisdom explained in

Cox v. Louisiana, 348 F.2d 750, 752 (5th Cir. 1965):

"The general principle, basic to American Federalism, that the United States courts usually should refrain from interfering with state courts' enforcing local laws is unassailable. But the sharp edge of the Supremacy Clause cuts across all such generalizations. When a State, under the pretext of preserving law and order uses local laws, valid on their face, to harass and punish citizens for the exercise of their constitutional rights or federally protected statutory rights, the general principle must yield to the exception: the federal system is imperiled."

Despite the validity of this view of the essential relationship between the state and the federal systems, however, it is clear that a petitioner who calls upon a federal court to interfere with the normal progress of a state court prosecution, by way of habeas corpus, injunction or otherwise, must carry a heavy and difficult burden if such extraordinary relief is to be granted. The limitations of the remedy fostered by *Dombrowski,* injunctive in that case, but not inconceivably by way of a pretrial writ of habeas corpus in the proper situation, are narrow. In *Dombrowski* the Court was faced with a statute which was, on its face, an unconstitutional interference with the petitioner's rights to free and unfettered expression, protected by the first amendment. The failure of the Court in that instance to have granted an injunction against the state court prosecutions would, because of the "chilling effect" [2] of the threatened prosecutions under that statute on the exercise of those rights by petitioners and others, have inflicted irreparable injury, injury which could not have been effectively repaired through the normal appellate procedures. In Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968), however, though faced with a similar challenge to the validity of a state statute which regulated conduct and which in so doing af-

2. 380 U.S. at 494, 85 S.Ct. 1118.

fected forms of expression, the Court upheld the district court's refusal to grant an injunction against prosecution under the challenged statute. It did not view the statute in question as invalid, so that the issue matured into whether this was an instance where a prosecution under a constitutional statute was open to attack because the statute was being unconstitutionally applied in order to suppress protected freedoms. The Court held that the lower court's finding that the statute was not being applied in bad faith was correct. It was upon this premise that the Supreme Court in *Cameron* stated it was not a case in which "a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford any protection which they could not secure by prompt trial and appeal pursued to this Court," citing Douglass v. City of Jeannette, 319 U.S. 157, at 164, 63 S.Ct. 887 at 881, 87 L.Ed. 1324.

Even the dissenting justices recognized that the *Dombrowski* remedy is justified only when first amendment rights are imperiled by calculated, deliberate state assault. This statement goes to the heart of the problem posed by the petition presently before this Court.

These petitioners have not been indicted under any statute regulating speech or expression. Rather they have been indicted for the common law crime of conspiracy, in this case an alleged conspiracy to commit crimes of violence. Prosecutions under this statute, therefore, do not, merely because of the statute itself, create the danger of a "chilling effect" as that term was used in *Dombrowski*. Consequently the danger of irreparable injury which existed in that case is not present here. In the absence of this element involving the first amendment, and because of the present posture of the state court proceeding, the exceptional circumstances necessary to justify a departure from the practice of declining to issue writs of habeas corpus until all state remedies

have been exhausted are not present, and this petition must be denied.

Petition denied.

It is so ordered.