UNITED STATES ex rel. Lumumba Abdul **SHAKUR**, et al., Petitioners,

v.

**COMMISSIONER OF CORRECTION** George F. McGrath, Respondent.

No. 69 Civ. 5146.

United States District Court S. D. New York.

Dec. 1, 1969.

Gerald B. Lefcourt, Frederick H. Cohn, William E. Crain, New York City, William Kunstler, Sanford M. Katz, New York City, for petitioners.

Frank S. Hogan, Dist. Atty. of New York County, for respondent; Joseph A. Phillips, Asst. Dist. Atty., of counsel.

OPINION

FRANKEL, District Judge.

Thirteen petitioners, all but one of whom are members of the Black Panther Party for Self-Defense, have been incarcerated for almost eight months awaiting trial on state charges of conspiring to murder policemen and to dynamite various public and private places. A few days ago they were named in a superseding indictment which contains new counts charging illegal possession of weapons and a further conspiracy. The petitioners remain in jail because they have been unable to make bail in amounts ranging from $25,000 to $100,000.[1]

Petitioners came to this court last spring seeking release on habeas corpus on the ground that their bail was excessive within the meaning of the Eighth Amendment, thus denying them due process under the Fourteenth. On June 19, 1969, Judge Palmieri denied their petition because they had failed to exhaust state remedies. United States ex rel.

---

1. A fourteenth petitioner, joined in the caption for reasons not altogether clear, is free on $10,000 bail.

508

Shakur v. Commissioner of Corrections, 303 F.Supp. 299. Later, asserting they had complied with the exhaustion requirement, they came again before Judge Palmieri, who agreed that the original defect was no longer a barrier. On the merits, however, he held that the state bail determinations, though they resulted in lengthy periods of pretrial detention for these petitioners, were not vulnerable under the Fourteenth Amendment. 303 F.Supp. 303 (August 26, 1969).

In an expedited appeal, the Court of Appeals, on September 9, denied the petitions, but gave leave to renew if the State did not set a trial date within 30 days, 2 Cir., 418 F.2d 243. When that condition was thought to have been met, petitioners renewed their plea to the appellate Court. That tribunal ruled against them once more on October 24, 1969, 418 F.2d at 244, saying:

"It is apparent from the history of the proceedings in the state supreme court that defendants and their counsel have sought delay by every means available since their indictment in April, 1969. The State, on the other hand, has consistently stood ready to proceed to trial. Moreover, we see no basis for this latest petition, since on October 15 Judge Murtagh set the case for trial on November 17, which certainly is in conformity with our order of September 9th."

■ Within a month thereafter, petitioners brought the present petition, submitting once more the constitutional arguments that were before Judge Palmieri and the Court of Appeals. It is suggested that new factors of a material nature differentiate the present proceeding from the one on which Judge Palmieri and the Court of Appeals ruled in October. If this were truly the case, petitioners would confront the substantial objection that they have not presented any of the assertedly new issues to any state tribunal. Cf. United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968); United States ex rel.

Levy v. McMann, 394 F.2d 402 (2d Cir. 1968); Goins v. Allgood, 391 F.2d 692, 693 (5th Cir. 1968). Granting that the exhaustion requirement is not strictly "jurisdictional," Fay v. Noia, 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Sunal v. Large, 332 U.S. 174, 178–179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Bowen v. Johnston, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939), the federal court should not be quick to intervene on bail questions (which depend so much upon a detailed appraisal of particular facts) where there are said to be material factors that have never been presented even to the state trial court in which the prosecution is pending. Cf. Stack v. Boyle, 342 U.S. 1, 6–7, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

■ But there is no need to stop with the question of exhaustion in the circumstances of this case. For, as oral argument revealed beyond serious question, the application is in all essential respects the same as the one denied by Judge Palmieri and the Court of Appeals. The superseding indictment makes no substantial change pertinent to the question of bail. It is conceded now that petitioners will need no more time to prepare for trial on the new pleading than they needed before. To be sure, they have been imprisoned longer now than they had been when Judge Palmieri ruled, and length of incarceration is a brute fact which no one connected with law enforcement may ignore. But it is not a *legally material* fact for this court at this time; it was plain in October, and presumably known to the Judges who ruled then, that the decision refusing federal habeas because the state determinations were found to be within constitutional limits meant in practical effect that petitioners (or at least most of them) would remain in jail until their trial.

Given the fundamentally duplicative character of petitioners' claims, it is strongly arguable that this court of first instance lacks *power* to depart from the decision of Judge Palmieri sustained by the Court of Appeals. Cf. United States

ex rel. Schnitzler v. Follette, 406 F.2d 319 (2d Cir. 1969). Whether or not there might be such power in the strictest sense, the court finds no basis now to justify reconsideration of (28 U.S. C. § 2244), or departure from, the decision by Judge Palmieri.[2]

The petition is dismissed. So ordered.

2. Some reliance is placed by petitioners upon this court's decision of November 15, 1969, lowering bail in United States v. Melville, D.C., 306 F.Supp. 124. But that was a federal prosecution in which decision turned mainly upon the Federal Bail Reform Act, 18 U.S.C. § 3146 *et seq.* While some of the underlying principles are the same, this court had no occasion to decide in *Melville* whether a defendant's dangerousness is a *constitutionally* proscribed consideration affecting pretrial bail since the federal statute appears to resolve the question in defendants' favor. The differences in substantive law, plus the pervasively significant difference between the federal court's control over its own prosecutions and its restricted function in habeas respecting state prosecutions, would limit the utility of *Melville* in any event. The history of the present proceeding makes that decision quite clearly and totally inapposite.