UNITED STATES of America ex rel.
Danny CLARK, Petitioner,

v.

Leon J. VINCENT, Superintendent, Green
Haven Correctional Facility,
Respondent.

No. 73 Civ. 5000–LFM.

United States District Court,
S. D. New York.

April 16, 1974.

Danny Clark, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for respondent; Margery Evans Reifler, Asst. Atty. Gen., of counsel.

MacMAHON, District Judge.

Petitioner Danny Clark, confined in Green Haven Correctional Facility, Stormville, New York, collaterally challenges, pro se, under 28 U.S.C. § 2254, a sentence of twenty years imposed by the Supreme Court, New York County, on March 5, 1968, following conviction by a jury of robbery in the first degree and possession of a dangerous weapon.

Petitioner contends that his conviction was obtained in violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments. Specifically, he claims that the procedures surrounding his identification by the victim of the robbery were illegal, that the evidence produced at his trial was insufficient to convict him, and that an illegal search of his person produced incriminating evidence.

Petitioner's first two claims (illegal identification and insufficient evidence) were presented to this court in a prior petition for habeas corpus and decided adversely to petitioner. United States ex rel. Clark v. Zelker, 321 F. Supp. 1085 (S.D.N.Y.1971).

In our earlier opinion, we noted that:

"Petitioner claims that there was a suggestive pre-trial confrontation and that his constitutional rights were violated when the victim of the robbery was allowed to identify him at trial. He alleges that he was not advised of his constitutional rights prior to the confrontation and that he did not have counsel at this critical stage of prosecution." 321 F.Supp. at 1086.

We rejected this argument after careful consideration of all the factors involved.

Now, petitioner raises essentially the same argument.

The same is true for petitioner's claim that there was insufficient evidence at the trial. This argument was considered and rejected on the prior application, yet petitioner raises it once again.

We need not entertain this application insofar as it presents no new grounds for relief. 28 U.S.C. § 2244(a). As Judge Weinfeld stated:

"Because the petition now before us thus fails to set forth a new ground not previously presented and determined by a federal court, it may be dismissed with prejudice, without consideration of the merits, provided that the ends of justice would not be served by further inquiry." United States ex rel. James v. Follette, 301 F.Supp. 569, 572 (S.D.N.Y.1969), aff'd, 431 F.2d 708 (2d Cir. 1970), cert. denied, 401 U.S. 979, 91 S.Ct. 1209, 28 L.Ed.2d 329 (1971).

Justice does not require further inquiry into the two grounds now before us for the second time. See also, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Brown v. Allen, 344 U.S. 443, 508, 73 S.Ct. 397, 97 L.Ed. 469 (1953) (opinion of Frankfurter, J.); United States ex rel. Levy v. McMann, 394 F.2d 402 (2d Cir. 1968); United States ex rel. Shakur v. Commissioner of Correction, 306 F.Supp. 507 (S.D.N.Y.), aff'd, 418 F.2d 243 (2d Cir. 1969), cert. denied, 397 U.S. 999, 90 S. Ct. 1144, 25 L.Ed.2d 408 (1970); In re Cuomo's Petition, 148 F.Supp. 814 (S. D.N.Y.1957).

Petitioner's third claim, that evidence was obtained through an illegal search of his person, was not raised in his prior application for habeas corpus relief. Nevertheless, it too must be denied.

Petitioner did not raise this contention in the New York courts and has failed to demonstrate here that his available state remedies have been exhausted. Title 28, United States Code, § 2254(b), requires a petitioner to first present the substance of his federal habeas corpus claim to the state courts. Picard v. Connor, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Since petitioner has not presented his claim to the state courts, we may not consider it here.

Accordingly, the within application is denied. A certificate of probable cause (28 U.S.C. § 2253) will not issue since there are no questions of substance on which the Court of Appeals should rule. Finally, we certify that any purported appeal from this order in forma pauperis is not taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a); Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed. 2d 21 (1962); United States v. Visconti, 261 F.2d 215, 218 (2d Cir. 1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L. Ed.2d 762 (1959).

So ordered.